IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLAYTON ROCKMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 00-649-JPG |
| ) | |
| DONALD SNYDER, ROGER COWAN, ) | |
| SUPERINTENDENT JAIMET, ) | |
| CAPTAIN MAUE, and ) | |
| SERGEANT HIRSCH, ) | |
| ) | |
| Defendants. ) | |

**GILBERT, District Judge:**

Before this Court is Magistrate Judge Proud's Report and Recommendation ("R&R"), recommending that the motion to dismiss, made by defendants Snyder, Cowan, Jaimet, Maue, and Hirsch (collectively as "the Defendants") should be granted in part, and denied in part. (Doc. Nos. 17-19).

The plaintiff, Clayton Rockman ("Rockman"), is an inmate in the custody of the Illinois Department of Corrections. He filed this lawsuit under 28 U.S.C. § 1983, alleging that he was deprived of certain constitutional rights while he was incarcerated at Menard Correctional Center. On August 18, 2000, he filed a five count Complaint against ten Defendants. Only Counts 1 and 2 survived initial review under 28 U.S.C. § 1915A. (Doc. No. 10).

In Count 1, Rockman alleges that he was subjected to extremely high temperatures while in the prison's segregation unit. He alleges that the heat caused him to become dizzy and nauseated and to lose consciousness. Rockman alleges that Defendants Jaimet and Maue not only knew of the conditions but also helped create them by closing the windows in the segregation unit. Rockman also named Defendants Cowan and Snyder in Count 1, alleging that

22

they failed to supervise Jaimet and Maue

In Count 2, Plaintiff sets forth several complaints about the treatment of inmates in the segregation unit at Menard. He alleges that the mistreatment occurred as a result of Defendants' failure to supervise subordinates, and as a result of "policies." Rockman also alleges that the mistreatment was racially motivated

On August 16, 2001, the Defendants filed a joint motion to dismiss. (Doc. No. 17). In it, the Defendants argued that they were entitled to qualified immunity as to Count 1. The Defendants argued that they were unaware of an inmate's right to be free from extreme temperatures in his cell. Defendants Snyder and Cowan also alleged that Count 1 should be dismissed as to them because Rockman does not allege any personal involvement by them in the alleged constitutional deprivations. As to Count 2, the Defendants argued that Rockman had failed to exhaust his administrative remedies.

Magistrate Judge Proud submitted the instant R&R, finding as follows: (1) that the Defendants were not entitled to qualified immunity as to Count 1, (2) that Rockman had failed to allege personal involvement by Snyder and Cowan as to Count 1, and (3) that Rockman had not exhausted his administrative remedies as to his complaints in Count 2. Magistrate Judge Proud found that Rockman had alleged sufficient personal involvement on the part of Jaimet and Maue as to Count 1. In sum, Magistrate Judge Proud recommends that Count 1 be dismissed as to Defendants Snyder and Cowan, and that Count 2 be dismissed in its entirety. If the R&R is accepted in its entirety, the only claim left pending will be Count 1, Rockman's claim for excessive heat, against Defendants Jaimet and Maue

Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.1(b), any party who wishes to object to an R&R must serve and file the objections in writing within ten (10) days of service. Failure to

file such objections shall result in a waiver of the right to appeal from the order ruling on the R&R. *See Video Views, Inc v Studio 21, Ltd and Joseph Sclafani*, 797 F.2d 538 (7th Cir. 1986).

This R&R was submitted on November 16, 2001. Accordingly, objections were due, at the latest, on December 7, 2001. *See* Fed.R Civ.P 6(a) & (e); *Lerro v. Quaker Oats Co*, 84 F.3d 239, 241 (7th Cir. 1996) (holding that rule providing three extra days to file objections when R&Rs are served by mail is applied after rule excluding Saturdays, Sundays and legal holidays from computation of days to respond when period of time allowed is less than 11 days).

Nothing in the record indicates that either party has filed objections to the R&R. Therefore, the standard of review is one of clear error. *See Johnson v. Zema Systems Corp*, 170 F.3d 734, 739 (7th Cir 1999). Nothing in the record suggests that Magistrate Judge Proud committed clear error Thus, having reviewed and considered Magistrate Judge Proud's conclusions, the R&R (Doc. No. 19) is hereby **ADOPTED** in its entirety.

The Defendants' motion to dismiss (Doc No. 17) is **GRANTED, in part,** as follows:

1. Count 1 is dismissed as to Defendants Snyder and Cowan.
2. Count 2 is dismissed as to all Defendants; namely, Snyder, Cowan, Jaimet, Maue, and Hirsch.
3. The only claim left pending is Count 1, Rockman's claim that he was subjected to excessive heat, against Defendants Jaimet and Maue

The Clerk is **DIRECTED** to enter judgement accordingly at the close of the case.

**IT IS SO ORDERED.**

DATED: January 24, 2002

_____
J. PHIL GILBERT
U.S. District Judge