# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLAYTON ROCKMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 00-CV-649-JPG ) |
| SUPERINTENDENT JAIMET, and CAPTAIN MAUE, | ) ) ) |
| Defendants | ) |

## ORDER

**GILBERT, District Judge:**

Before this Court is Magistrate Judge Proud's Report and Recommendation ("R&R") (Doc No. 33), recommending that the plaintiff's motion for summary judgment (Doc No. 24) be denied

The plaintiff, Clayton Rockman, is an inmate in the custody of the Illinois Department of Corrections. He filed this lawsuit under 28 U S C. § 1983, alleging that he was deprived of certain constitutional rights while he was incarcerated at Menard Correctional Center On August 18, 2000, he filed a five count Complaint against ten defendants Only Counts 1 and 2 survived initial review under 28 U S C. § 1915A. (Doc No. 10). Count 1, in part, and Count 2, in its entirety, were later dismissed upon a motion by the defendants. (Doc. No 22). The only claims remaining are against Defendants Jaimet and Maue in Count 1.

In Count 1, the plaintiff alleges that he was subjected to extremely high temperatures while in the prison's segregation unit He alleges that the heat caused him to become dizzy and nauseated and to lose consciousness. The plaintiff alleges that Defendants Jaimet and Maue not

1

3 ȷ̌

only knew of the conditions but also helped create them by closing the windows in the segregation unit.

The plaintiff's motion for summary judgment (Doc No. 24) argues that there are no genuine issues of material fact in this case and that the plaintiff is entitled to judgment as a matter of law.

Magistrate Judge Proud submitted the instant R&R, finding as follows: (1) that to succeed on his claim the plaintiff must show both that his conditions of confinement amounted to an extreme deprivation and that the defendants acted with deliberate indifference, *see Farmer v Brennan*, 511 U.S 825 (1994) and *Henderson v Sheahan*, 196 F 3d 839, 845 (7th Cir. 1999), and (2) that genuine issues of material fact exist as to both of the aforementioned elements Accordingly, Judge Proud recommends that the plaintiff's motion for summary judgment be denied.

The plaintiff has filed objections to Judge Proud's R&R but has not timely done so. Pursuant to 28 U S C. § 636(b) and Local Rule 73.1(b), any party who wishes to object to an R&R must serve and file the objections in writing within ten days of service. This R&R was filed on April 18, 2002 Accordingly, objections were due, at the latest, by May 6, 2002. *See* Fed R. Civ. P 6(a) & (e); *Lerro v Quaker Oats Co*, 84 F.3d 239, 241 (7th Cir 1996) (holding that rule providing three extra days to file objections when R&R's are served by mail is applied after rule excluding Saturdays, Sundays and legal holidays from computation of days to respond when period of time allowed is less than 11 days). The plaintiff's objections were filed on May 13, 2002 Nevertheless, the Court has considered the plaintiff's objections and found them unpersuasive

2

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ P. 56(c); *see Celotex Corp. v Catrett*, 477 U.S. 317, 322 (1986); *Spath v Hayes Wheels Int'l-Ind, Inc*, 211 F.3d 392, 396 (7th Cir 2000) The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v Liberty Lobby, Inc*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396.

The Court agrees with Judge Proud that genuine issues of material fact exist in this case. Specifically, there is a factual dispute about whether the plaintiff was subjected to an extreme deprivation—as opposed to a mere discomfort. The plaintiff alleges that his cell was very hot. According to Defendant Maue's affidavit, however, temperatures never reached a dangerous level. Moreover, there is a factual dispute about whether the defendants acted with deliberate indifference The plaintiff alleges that the defendants failed to take appropriate action to cool the cell block On the other hand, Defendant Maue's affidavit states that the cell block was ventilated, that extra showers were offered and that inmates were permitted to purchase fans from the prison commissary. In any event, determinations about state of mind can very rarely be made at the summary judgment stage Certainly, this Court cannot determine from the record that the defendants acted or failed to act with deliberate indifference.

## CONCLUSION

Having reviewed and considered Magistrate Judge Proud's conclusions, the R&R (Doc. No 33) is hereby **ADOPTED** in its entirety. The plaintiff's motion for summary judgment (Doc. No. 24) is **DENIED**

**IT IS SO ORDERED.**

Dated: May 30 , 2002

J. PHIL GILBERT
U.S. District Judge