FILED
APR 2 4 2003
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLAYTON ROCKMAN, )
)
Plaintiff, )
)
v. ) Civil No. 00-649-JPG
)
SUPERINTENDENT JAIMET, )
and CAPTAIN MAUE, )
)
Defendants. )

## REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is a Motion for Summary Judgment filed by defendants Jaimet and Maue. **(Doc. 62)**. The Motion is supported by a Memorandum of Law and portions of plaintiff's deposition. **(Doc. 63)**. Plaintiff filed several documents in response. **(Docs. 64, 65, and 66)**.

### Nature of Plaintiff's Claim

Plaintiff is an inmate in the custody of the Illinois Department of Corrections. He brings this suit under 28 U.S.C. §1983 for deprivation of his constitutional rights while incarcerated at Menard Correctional Center. On August 18, 2000, he filed a five count Complaint against ten defendants. Only Count 1 against defendants Jaimet and Maue remains pending.

In Count 1, plaintiff alleges that he was placed in the segregation unit in the North II cell house at Menard after being written a disciplinary ticket. He was placed in segregation without his personal property, including his fan. He alleges that the temperature was in the upper 90's and the heat index was over 100 degrees. He further alleges that, on July 22, 1999, defendants

1

69

Jaimet and Maue closed the windows, which stopped the air from circulating. **(Doc. 1, Count 1, ¶6).** They kept the windows closed until August 17, 1999, despite "the inmates protesting by shaking their bars and screaming for the windows to be reopen[ed]." **(Doc. 1, Count 1, ¶7).** Plaintiff states that "Defendants" knew that he was a diabetic and hypertensive, and belonged to an identifiable group of inmates over 50 years of age, and that the extreme heat made him a candidate for heat stroke.

Plaintiff wrote a memo to defendant Jaimet on July 28, 1999, complaining about the heat and the closing of the windows, and also complaining that he was getting sick and needed his fan. Jaimet replied in writing on August 5 or 6, 1999, that "you may purchase an appropriate fan from the commissary."

On July 29, 1999, Plaintiff alleges that he became dizzy and nauseated due to the heat, and that he fell and hit his head, causing him to lose consciousness.

## Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c); see** *Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See,** *Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact

remains for trial. *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage. A genuine issue of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249 However, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Summary judgment is not barred by the mere existence of some factual dispute. *Anderson*, 477 U.S. at 248; see also, *JPM Inc. v. John Deere Industrial Equipment Company*, 94 F.3d 270, 273 (7th Cir. 1996). Only disputes as to facts that might affect the outcome of the suit in light of the substantive law are sufficient to defeat summary judgment. Disputes as to irrelevant or unnecessary facts do not preclude summary judgment. *Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992).

## Defendants' Motion

The Court will consider defendants's second point first: defendants argue that they are entitled to qualified immunity because they relied on the expertise of a medical technician to determine whether plaintiff was in danger. **See, Doc. 63, p. 5.**

Defendants filed portions of plaintiff's deposition, attached to **Doc. 63**, in support of their Motion. At page 31, plaintiff testified that the heat made him feel dizzy and light-headed. He was seen by a medical technician, who told him to "drink plenty of fluids and lay down."

In their Memorandum in Support, defendants argue that they "relied on the expertise of the medical technician who saw Plaintiff to determine if he was in danger." **Doc. 63, p. 5**. They cite *McEachern v. Civiletti*, **502 F.Supp. 532 (D.C.Ill., 1980)**. Of course, a District Court opinion is not binding precedent. See, *Howard v. Wal-Mart Stores, Inc.*, **160 F.3d 358, 359 (7th Cir.1998)**; *Colby v. J.C. Penney Company*, **811 F.2d 1119, 1124 (7th Cir.1987)**. In any event, the factual situation in *McEachern* was different in that plaintiff there was complaining about the kind of medical treatment that he was receiving. The Court held that the prison officials were entitled to rely on the opinion of the medical professionals as to the appropriate course of treatment. Here, plaintiff is complaining about a condition of confinement, *i.e*, the extreme heat in his cell. It is debatable whether the reasoning of *McEachern* extends to this situation.

The Court's independent research has not found any Seventh Circuit case on point. However, it is not necessary to determine whether reliance on the medical technician's opinion would give rise to qualified immunity under the circumstances of this case because the record does not establish such reliance. The record does not establish that either defendant knew that plaintiff was seen by the med tech, or knew what his complaints were. There is no evidence that either defendant knew what advice the med tech gave to plaintiff. There is no evidence that either defendant relied on the opinion of the medical technician in determining that the temperature in the cell block was not too high. Defendants have not established that they in fact relied on the expertise of the med tech.

Both defendants have admitted in resonse to plaintiff's Request for Admissions that they are aware that exposure to extreme heat can violate an inmate's right not to be subjected to cruel and unusal punishment, and that "exposure to extreme heat can cause dizziness, and cause other

heat related injuries." **See, defendants' Response to Requests for Admissions, numbers 11 and 12, attached to Doc. 66.** Defendants have not established that they are entitled to qualified immunity.

Defendants also argue that they were not deliberately indifferent to the risk of harm caused by the allegedly extreme heat. In support thereof, they argue that they relied on the expertise of the medical technician who saw plaintiff for complaints of dizziness, nausea, and light-headedness. Again, defendants are asking this Court to find as a matter of fact that they were aware of and relied upon the opinion of the medical technician, but the record contains no such evidence.

In denying plaintiff's Motion for Summary Judgment, Judge Gilbert found that there are a number of disputed issues of material fact. These issues include whether defendants acted with deliberate indifference. **See, Doc. 38, p. 3.** Defendants have not filed anything with the Court since Judge Gilbert's Order which would resolve the disputed factual issues.

### Recommendation

For the foregoing reasons, this Court recommends that the Motion for Summary Judgment filed by defendants Jaimet and Maue **(Doc. 62)** be **DENIED.**

**Submitted: April 24, 2003.**

**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE

PURSUANT to Title 28 U.S.C. §636(b) and Rule 73.1(b) of the Local Rules of Practice in the United States District Court for the Southern District of Illinois, any party may serve and file written OBJECTIONS to this Report and Recommendation/Proposed Findings of Fact and Conclusions of Law within ten days of service.

**Please note: You are not to file an appeal as to the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law.** At this point, it is appropriate to file **OBJECTIONS**, if any, to the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law. An appeal is inappropriate until after the District Judge issues an Order either affirming or reversing the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law of the U.S. Magistrate Judge.

Failure to file such OBJECTIONS shall result in a waiver of the right to appeal all issues, both factual and legal, which are addressed in the the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law. *Video Views, Inc. v Studio 21, Ltd. and Joseph Sclafani, 797 F.2d 538 (7th Cir. 1986).*

**You should mail your OBJECTIONS to the Clerk, U.S. District Court at the address indicated below:**

☐ 301 West Main St.       ☒ 750 Missouri Ave.
   Benton IL 62812          P.O. Box 249
                               East St. Louis, IL  62202

Revised 9/29/99